ROSSMAN, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12667.   Promulgated October 26, 1928.

*Samuel Lipschultz, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

## OPINION.

LANSDON: The petition was filed without a copy of the deficiency letter or of the statement upon which the Commissioner asserted the deficiency. It is obvious, however, from the record that the petitioner seeks the deduction of the amount of $3,300 from its gross income for the taxable year as an ordinary and necessary business expense and that the Commissioner disallows such deduction and holds that the amount in question was a capital expenditure and is amortizable ratably over the term of the lease.

The petitioner cites our decision in the proceeding of *Mandel Brothers*, 4 B. T. A. 341 in support of its contention. In that case the petitioner sought to include an amount paid in circumstances somewhat similar to the facts herein in its invested capital, such amount having been in the first instance charged to expense. The

deficiency in controversy was based, in part, on the Commissioner's exclusion of such amount from the petitioner's invested capital. While the headnote in that case seems to support the contention of the petitioner, an examination of the decision discloses that we said:

Since all the facts necessary to a disposition of this question in accordance with the foregoing principles have not been made known to us by proper evidence, we are unable to determine to what extent, if any, the taxpayer is entitled to include the amount in question in invested capital; hence we are forced to sustain the Commissioner's action in disallowing the whole amount as invested capital.

It is obvious from the above that in our decision in the *Mandel Brothers* case, *supra*, we went no further than to hold that the evidence adduced was insufficient to overcome the presumption that the determination of the Commissioner was correct. On this point our decision was based on lack of evidence and establishes no rule for the determination of the issue here.

The petitioner contends that the amounts paid resulted in no benefit to it, except that possession of the premises was acquired three months earlier than otherwise would have been possible. There is no evidence, however, as to whether the amounts in question were paid by the lessor or the lessee. If paid by the lessee in the circumstances herein it would seem possible that action to recover from the lessor could be maintained. It is also significant that the lease is not in evidence. It is obvious, therefore, that there is not sufficient evidence to overcome the presumption that the determination of the Commissioner is correct.

*Decision will be entered under Rule 50.*